**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| UniCredit Bank Austria AG,<br><br>Plaintiff,<br><br>v.<br><br>Inmobiliaria y Arrendadora Cuadro S.A. de C.V., et al.,<br><br>Defendants. | No. CV-23-01991-PHX-KML<br><br>**ORDER** |

On August 31, 2026, the parties submitted a joint summary of their discovery disputes involving a Federal Rule of Civil Procedure 30(b)(6) deposition and the verification of interrogatory responses by defendant Inmobiliaria y Arrendadora Cuadro S.A. de C.V. ("IyAC"). (Doc. 186.)

UniCredit contends IyAC offered an inadequately-prepared Rule 30(b)(6) witness, Rodolfo Joaquin Oceguera, to testify about the topics contained in UniCredit's Amended Notice of 30(b)(6) Deposition. (Doc. 179.) For instance, UniCredit states Oceguera "answer[ed] questions from his *own* memory concerning his *own* employment with IyAC"; "stated more than 100 times that he did not know answers to questions within the noticed topics"; "admitted that he did nothing to prepare for Topics 8, 17, 20, 21, 22, and 25"; and "could not identify who prepared IyAC's discovery responses, who supplied the information in them, what sources IyAC consulted, or how IyAC confirmed their accuracy." (Doc. 186 at 2.)

A corporation "has a duty to make a conscientious, good-faith effort to designate

knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.*" Elan Microelectronics Corp. v. Pixcir Microelectronics Co.*, No. 2:10-CV-00014-GMN, 2013 WL 4101811, at *5 (D. Nev. Aug. 13, 2013) (simplified). The duty to prepare a Rule 30(b)(6) designee extends "beyond matters personally known to the witness or to matters in which the designated witness was personally involved," *id.*, and includes "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

IyAC failed to provide an adequately-prepared witness in Oceguera. Indeed, IyAC concedes Oceguera "was testifying from his own memory regarding his own employment" and admits he "answered 'I don't know'" to questions "that could have been answered by the documents he reviewed." (Doc. 186 at 2–3.) IyAC contends Oceguera "was [as] prepared as any witness could have been under the circumstances," given IyAC ceased operations in 2022. (Doc. 186 at 2.) IyAC appears to believe ending operations in 2022 excuses it from providing a competent Rule 30(b)(6) witness, despite having defended this suit and provided discovery responses. But IyAC's dissolution does not necessarily impact the requirement that it provide a competent Rule 30(b)(6) witness. *See Simms v. Ctr. for Corr. Health & Pol'y Stud.*, 272 F.R.D. 36, 41 (D.D.C. 2011) ("plaintiff may serve a 30(b)(6) notice of deposition on a dissolved corporation in the same way that she could serve a 30(b)(6) notice on an existing corporation.").

IyAC also contends Oceguera reviewed a defined set of corporate records to prepare for his deposition which it also provided to UniCredit. (Doc. 186 at 3.) Counsel points only to an anecdotal matter in Maricopa County Superior Court supporting that this method of preparation was sufficient. (Doc. 186 at 3–4.). If necessary to respond to UniCredit's noticed topics, IyAC must designate more than one Rule 30(b)(6) deponent. *See id.* at 538–39.

The parties' discovery dispute also discusses IyAC's need to verify its interrogatory responses, which IyAC indicates will happen "very shortly." (Doc. 186 at 4.) The parties also submitted on August 31 a joint motion to extend the deadline for discovery disputes

(Doc. 187), and on September 1 a stipulation to extend the deadline for UniCredit to file its response to defendant Maria de Los Angeles Luna Gale's motion for summary judgment and incorporated memorandum of points and authorities (Doc. 188).

Accordingly,

**IT IS ORDERED** IyAC shall produce one or more adequately prepared Rule 30(b)(6) designees no later than **two weeks** from the date of this Order.

**IT IS FURTHER ORDERED:**

1. IyAC shall serve proper verification of its responses to UniCredit's first set of non-uniform interrogatories as required by the Federal Rules of Civil Procedure no later than **September 8, 2026.**
2. Good cause supports the parties' stipulation and joint motion to extend time to submit discovery disputes. Accordingly, the stipulation (Doc. 187) is **GRANTED** and the deadline for parties to submit discovery disputes is extended to **September 8, 2026.**
3. Good cause supports the parties' stipulation to extend the deadline for UniCredit to file its response to defendant Maria de Los Angeles Luna Gale's motion for summary judgment and incorporated memorandum of points and authorities. Accordingly, the stipulation (Doc. 188.) **GRANTED** and UniCredit must file its response no later than **September 18, 2026.**

Dated this 2nd day of September, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**